UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-160 (35) NEB/JFD

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) **ORDER OF DETENTION** |
| ARRON DAVIS, a/k/a A-Boogie, | ) ) ) ) |
| Defendant. | ) |

    This matter came before the Court on November 21, 2023, for arraignment, as well as a hearing upon the motion of the United States for an Order of Detention. Mr. Davis was present and represented by his attorney, Tom Shiah. The United States was represented by Assistant United States Attorney Justin A. Wesley.

    Mr. Davis was arraigned. Regarding the issue of detention, Mr. Davis agreed he should be detained per the factors set forth in the Bail Reform Act. 18 U.S.C. § 3142. However, Mr. Davis argued he should be returned to the Minnesota State Correctional Facility in Moose Lake where he is currently serving a state prison sentence.

    Based on all the information before the Court, including the report of U.S. Pretrial Services recommending detention, the allegations of the superseding indictment, arguments from counsel, and Mr. Davis's waiver of a detention hearing, the Court concludes that there has been a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community and that there has been a showing by a preponderance of the evidence that no condition or

combination of conditions of release will reasonably assure Mr. Davis's appearance in court as required. Accordingly, the Court grants the motion of the United States for detention.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. The Court finds that detention is justified in order to ensure the safety of the community and to prevent flight.

The Bail Reform Act allows the temporary release of a person detained if the Court determines (1) such release is necessary for preparation of the person's defense or (2) for another compelling reason.

In this case, the Court finds such compelling circumstances because of Mr. Davis' programming at Moose Lake, specifically, restorative justice and parenting programming. Additionally, the Court finds compelling circumstances in Mr. Davis's potential start of substance abuse disorder treatment on December 1, 2023 and his apparent opportunity to move from his present kitchen job to a higher-paying job that will allow him to send money home for family support.

## CONCLUSION

Based upon the evidence presented, the United States has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably

ensure the safety of the community and has shown by a preponderance of the evidence that detention is needed to prevent a serious risk of flight.  Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of Mr. Davis is granted;

2. Mr. Davis is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. Davis shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Davis is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

5. Pursuant to 18 U.S.C. § 3142(i), the Court is permitting the temporary release of Mr. Davis to the Minnesota Department of Corrections for compelling reasons. Pursuant to Mr. Davis's request, he shall be returned to the custody of the Minnesota Department of Corrections, specifically MCF – Moose Lake, and shall be brought back to federal court for any further proceedings in this case. There was no detainer placed on Mr. Davis and he

was temporarily transferred to federal custody on a writ of habeas corpus *ad prosequendum*. The Court finds that Mr. Davis' request to be returned to state custody is a knowing and intelligent waiver of his rights under the Interstate Agreement on Detainers. See 18 U.S.C. § App. III § 2, Article IV(e) but also notes that Mr. Davis has executed a written waiver of those rights.

Dated: November 28, 2023                        *s/ John F. Docherty*
                                                                 The Honorable John F. Docherty
                                                                 United States Magistrate Judge